GEORGE DE VALENCIA, Appellant, v. JAMES G. PACE, ARTHUR LARSON and H. AUSTIN BREWER, *et ux.*, Appellees.

200 So. 370
Division A
Opinion Filed February 14, 1941

160

*Boone & Boone,* for Appellant;

*James G. Pace,* for Appellees.

PER CURIAM.—The appeal brings for review decree dismissing bill of complaint.

A motion to dismiss served the same purpose as demurrer served under our former practice.

The allegations of the bill of complaint when boiled down to final analysis show that Larson and Pace were building contractors; that they desired to acquire a piece of real estate on which to construct a building.

Plaintiff owned a lot and desired to build a house thereon. Larson and Pace proposed to plaintiff that if plaintiff would take title in his name to Lot 12, Block 3, Busch Sub-division, and would execute the necessary papers for them to get a loan on that lot with which to build a house on it, when he was ready to construct his home they would assist him to get a loan through and would bid on constructing his home. That plaintiff took the title to the lot, *supra,* in his name and made application to W. H. Gold & Company of Miami, Florida, for a loan of $4,000.00; that W. H. Gold & Company made the loan and took FHA form of mortgage from plaintiff; that soon after the mortgage was placed on record by W. H. Gold & Company that company assigned the same to Investors Syndicate; that the monthly payments required.

to be made on the mortgage amounted to $28.95. After the mortgage was made, plaintiff made, executed and delivered a warranty deed without further consideration to James G. Pace, which deed was duly recorded; that thereafter Larson entered into a sales contract with Austin Brewer and wife whereby the Brewers agreed to purchase the property and to assume and pay the mortgage held by Investors Syndicate; that Brewer and wife failed to carry out their contract and that Pace on February 21, 1940, filed his bill of complaint in the circuit court to foreclose the Brewer contract and to have impressed a vendor's lien for the unpaid balance; that the mortgage executed by plaintiff to W. H. Gold & Company is still outstanding and that although Larson and Pace promised the plaintiff prior to and at the time of the execution of the note and mortgage that they would immediately have the plaintiff's liability released upon their making sale of the property and although they made a contract of sale to Austin Brewer they failed to have plaintiff's liability released.

Plaintiff prays:

"A.   That the deed executed by the plaintiff to the defendant, James G. Pace, which is recorded in deed book 2018, page 490, of the Public Records of Dade County, Florida, be cancelled, vacated and set aside.

"B.   That the contract made on October 30, 1939, by and between the defendants H. Austin Brewer and Letty S. Brewer, his wife, and Arthur Larson, be cancelled, vacated, set aside and held for naught.

"C.   In the event the Court refuses to grant prayers A and B, that then in that event the Court decree that plaintiff's personal liability on account of said note and mortgage executed to W. H. Gold & Co., and assigned to Investors Syndicate, be cancelled and released, and the defendants, Arthur Larson and James G. Pace, be commanded to obtain

said release and place of record, even should they have to pay off said note and mortgage and surrender same to the Court.

"D. That the defendants, H. Austin Brewer and Letty S. Brewer, his wife, be required to immediately surrender possession of the property hereinabove described to the plaintiff.

"E. That a Receiver be appointed by this Court to take charge, custody and possession of the property hereinbefore described with instructions to rent said property and to keep the monthly payments to the Investors Syndicate in the sum of $28.95 per month paid off in order to protect the first mortgage on said property.

"F. That the defendants, Arthur Larson and James G. Pace, be enjoined from attempting to enforce their contract, with H. Austin Brewer and Letty S. Brewer, his wife, by Court proceeding or otherwise and that the defendant James G. Pace be enjoined from prosecuting his action No. 61212 now pending in this Court, against the defendants, H. Austin Brewer and wife.

"G. That the defendants, H. Austin Brewer, and Letty S. Brewer, his wife, be enjoined from paying any moneys to the defendant James G. Pace on account of said contract and that they be required to deposit the monthly payments either with the Receiver herein or to the Clerk of this Court, and if deposited with the Clerk, that he be authorized to pay $28.95 each month to Investors Syndicate for payment due on first mortgage.

"H. Plaintiff prays for such other and further relief in the premises as may seem right and proper to be decreed." Investors Syndicate is not made a party to the suit.

The bill does not show that the plaintiff has been put to any expense or that he has been required to pay any part of the mortgage indebtedness. A consideration of the

allegations of the bill of complaint reveals that the bill is without equity.. If the allegations as to the agreements made by Larson and Pace with plaintiff are true they rest entirely in parol; they concern interest and title in real estate and therefore, are not such agreements as may be enforced by decree for specific performance.

The record discloses no reversible error. Therefore, the decree is affirmed.

So ordered.

Affirmed.

BROWN, C. J., WHITFIELD, BUFORD and ADAMS, J. J., concur.